[Civ. No. 7688. First Appellate District, Division One—September 5, 1931.]

WALDO P. BURNS, Appellant, v. LOS ANGELES RAILWAY CORPORATION (a Corporation), Respondent.

R. T. Lightfoot and J. J. Hughes for Appellant.

Gibson, Dunn & Crutcher, Norman S. Sterry and Philip C. Sterry for Respondent.

TYLER, P. J.—Action to recover damages for personal injuries alleged to have been sustained in a collision claimed to be due to defendant's negligence. The injuries suffered consisted of the destruction of plaintiff's automobile, medical services and loss of time. The answer and amendment thereto denied the negligence charged and specifically alleged contributory negligence on the part of plaintiff. Upon the issues thus framed the cause went to trial before the court sitting without a jury. At the conclusion thereof judgment was rendered in favor of the defendant, from which judgment plaintiff appeals.

It is here claimed that the findings of fact and conclusions of law are not supported by and are contrary to the evidence. The appeal is entirely devoid of merit. From the findings it appears that on the twenty-second day of September, 1923, at the intersection of Division Street with the private right of way of the Los Angeles-Eagle Rock interurban railroad line, the plaintiff negligently and carelessly and without exercising ordinary care or caution and without stopping or listening or looking, or exercising any care to ascertain if an interurban car was approaching, drove his automobile in a westerly direction on Division Street upon the defendant's car track immediately in advance of an approaching interurban car which was moving in a northerly direction on the private right of way of defendant, and that the injuries received by plaintiff were directly and proximately caused by and contributed to by his own carelessness, recklessness and negligence. It was further found that the interurban car was not carelessly or

negligently operated but, on the contrary, was operated with due care; that it was not run at an unlawful rate of speed nor did it fail, as claimed, to slow down or slacken its speed on the first appearance of danger of a collision with plaintiff, but on the contrary, every effort was made to stop the car and avoid a collision and that warning of its approach was given. These findings, which are fully supported by the evidence, dispose of appellant's claim that defendant was guilty of negligence and that such negligence was the proximate cause of the injury, as also the claim that the doctrine of last clear chance is applicable to the case. It is unnecessary to review in detail the evidence supporting the findings.

The judgment is affirmed.

Knight, J., and Parker, J., *pro tem.*, concurred.